**[J-38-2014][M.O. – Eakin, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 84 MAP 2013 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered on 2/6/13, |
| | : | reconsideration denied 4/11/13, at No. |
| v. | : | 125 MDA 2012 which affirmed the order |
| | : | of Lebanon County Court of Common |
| | : | Pleas, Criminal Division, entered 1/4/12 |
| | : | at No. CP-38-CR-0001362-2011 |
| ANDREW KEITH ENIMPAH, | : | |
| | : | |
| Appellee | : | ARGUED:  May 7, 2014 |

## CONCURRING OPINION

**MR. JUSTICE SAYLOR**                    **DECIDED:  December 29, 2014**

I agree with the majority's conclusion that the burden of production at a suppression hearing is on the Commonwealth (as premised on Rule of Criminal Procedure 581(H)), and that the Commonwealth failed to carry its burden in this case. I write separately, however, to express my reservations about some of the majority's rationale, in particular, the manner in which the Court expresses the burden imposed upon defendants concerning privacy expectations.

Initially, I have difficulty to the extent that the majority portrays the inquiries into a defendant's standing to challenge a search and into the defendant's reasonable expectations of privacy as substantively distinct. See Majority Opinion, slip op. at 5. Standing and merits inquiries frequently overlap. See William A. Fletcher, The Structure of Standing, 98 YALE L.J. 221, 229 (1988) ("The essence of a true standing question is the following: Does the plaintiff have a legal right to judicial enforcement of an asserted

legal duty? This question should be seen as a question of substantive law, answerable by reference to the statutory or constitutional provision whose protection is invoked."). Moreover, much of the reasoning which caused the Court to preserve the doctrine of automatic standing in association with Pennsylvania constitutional doctrine, over and against the United States Supreme Court's decision to abandon it for purposes of Fourth Amendment jurisprudence, is in tension with ensuing developments in Pennsylvania law. Compare, e.g., Commonwealth v. Sell, 504 Pa. 46, 66, 470 A.2d 457, 468 (1983) (justifying the preservation of automatic standing in the Commonwealth based, in part, on the rationale that "[w]e decline to undermine the clear language of Article I, section 8 by making the Fourth Amendment's amorphous 'legitimate expectation of privacy' a part of our state guarantee against unreasonable searches and seizures"), with Commonwealth v. Hawkins, 553 Pa. 76, 81-82, 718 A.2d 265, 267 (1998) (explaining that subsequent decisions of this Court require defendants to prove "a legitimate expectation of privacy" to prevail in the suppression context under the federal and state constitutions). On account of such disharmony, and while I acknowledge that the doctrine of automatic standing maintains its validity in Pennsylvania, I find it unhelpful to try to explain its continuing longevity on the substantive terms employed by the majority.

Additionally, while I support the majority's conclusion that the burden of production is with the Commonwealth, which resolves this case, I am more circumspect about the comments referencing the defendant's burden to demonstrate privacy expectations. In this regard, I would note that courts are often imprecise when addressing burdens of proof. See generally John Calvin Jeffries, Jr. & Paul B. Stephan III, Defenses, Presumptions, and Burden of Proof in Criminal Law, 88 YALE L.J. 1325, 1329 n.8 (1979) (commenting that the term "burdens of proof" is sometimes used

indiscriminately to refer either to burdens of production or persuasion and that, sometimes, unfortunately, burdens are misaligned on account of such loose usage). Thus, this Court's previous depictions of a burden upon defendants to "prove" a legitimate expectation of privacy should not necessarily be regarded as a fully realized elaboration of the nature and extent of that burden, particularly in the absence of a developed explanation. Certainly, it would be more consistent with this Court's admonition that the burden of persuasion rests on the Commonwealth, In re L.J., ___ Pa. ___, ___, 79 A.3d 1073, 1085 (2013), to treat the defendant's burden in addressing privacy expectations as one of going forward with the evidence (or as one of production contingent on the Commonwealth's previous satisfaction of its burden of production),[1] rather than as a "judicially created exception to the general rule that the burden of persuasion is on the Commonwealth." Majority Opinion, slip op. at 9 n.5. Accordingly, and given the limited arguments presently before the Court, I would expressly reserve such consideration for another day.[2]

---

[1] As the majority observes, it may be the case that the Commonwealth's evidence demonstrates a defendant's privacy interest, for example, where an officer testifies that he removed contraband from the defendant's person. See Majority Opinion, slip op. at 10 n.6. On the other hand, if, in satisfying its initial burden of production, the Commonwealth demonstrates that contraband was remote from the defendant and his property, the defendant should be required to at least go forward with evidence demonstrating his privacy interest. This sort of burden-shifting paradigm is common in the adjudicatory setting. See, e.g., 500 James Hance Ct. v. Pa. Prevailing Wage Appeal Bd., 613 Pa. 238, 272-73, 33 A.3d 555, 575-76 (2011) ("When the party bearing the burden of [persuasion] establishes a prima facie case, the adversary has the burden of going forward, that is, offering evidence to contradict the prima facie case[.]" (quoting 31A C.J.S. Evidence §199 (2011))).

[2] I would also note that there is a good argument to be made that a threshold focus, before assessing hearing burdens, should be on the sufficiency of the suppression motion in the first instance. See generally William E. Ringel, SEARCHES AND SEIZURES ARRESTS AND CONFESSIONS §20:12 (2d ed. 2014) (discussing hearing burdens allocated "[i]f the moving papers provide sufficient information to require a suppression hearing"). (…continued)

Mr. Chief Justice Castille joins footnote 2 of this concurring opinion.

---

(continued…)

Additionally, most jurisdictions distinguish between warrant-based searches and warrantless ones, in terms of burden allocation. See id. ("A defendant generally has the burden of showing a constitutional infirmity if a search or seizure was carried out pursuant to a warrant, while the burden of proof is on the prosecution if the police acted without a warrant."). It is an unfortunate consequence of the nature of the adjudicatory process that the Court is most often unable to assess regimes with interrelated facets in a comprehensive fashion, toward the end of enhancing fairness and efficiency. To the degree that burdens of proof are an appropriate subject of rulemaking, perhaps that forum might offer a better change for a broader assessment of available options.